IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRY GREEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil No.: JKV-14-455 |
| PETER KAHL, | * | |
| and | * | |
| PETER KAHL REPTILES, INC. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF TERRY GREEN'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS PETER KAHL AND PETER KAHL REPTILES, INC.

Plaintiff, Terry Green, by and through his counsel Charles H. Edwards, IV and the Law Office of Barry Glazer, P.C., moves this Court for entry of a default judgment as to Defendants Peter Kahl and Peter Kahl Reptiles, Inc., upon the Complaint heretofore filed and served upon the Defendants Peter Kahl and Peter Hahl Reptiles, Inc., in accordance with the provisions of Federal Rule of Civil Procedure 55(b)(2), and in support thereof states the following:.

1. Plaintiff was employed by Defendants Peter Kahl and Peter Kahl Reptiles, Inc., as an hourly employee from approximately the beginning of January, 2011 to early November, 2013. (Exhibit 1, Terry Green Decl. ¶ 3).

2. Defendants are in possession of the records that detail the Plaintiff's exact start and end dates for his employment with Defendants. *Id.* at ¶ 4.

3. Defendants were engaged in the sale of reptiles both locally and across state lines during all times relevant hereto. *Id.* at ¶ 5.

4. Plaintiff was responsible for maintaining various reptiles and enclosures located within Defendant Peter Kahl Reptiles, Inc., in accordance with the specialized needs of the reptiles. *Id.* at ¶6.

5. Plaintiff was an hourly employee who was initially paid a wage of $12.00 per hour. *Id.* at ¶ 7.

6. After sixty (60) days of work, Plaintiff's hourly wage was increased to $13.00 per hour[1]. *Id.* at ¶ 8.

7. Defendants increased Plaintiff's hourly wage from $13.00 to $14.00 per hour in September of 2013. *Id.* at ¶ 9.

8. Defendants initially monitored and recorded Plaintiff's work hours by requiring the Plaintiff to use a time clocking system. Later, Defendants implemented a finger print scanning system to keep track of employee work hours. *Id.* at ¶ 10.

9. Defendants kept and maintained records for the systems it used to monitor employee work hours during all times relevant. *Id.* at ¶ 11.

10. During the period of November, 2011 through May, 2013, the Plaintiff was required to work between 55 and 70 hours per week and only received straight pay, which consisted of $13.00 per hour for a 40 hour work week, with no wages received for overtime work. *Id.* at ¶ 12.

---

[1] Plaintiff's Complaint states that Defendants increased Plaintiff's hourly wage from $12.00 to $14.00 after 60 days of work. This statement was made in error. Plaintiff's hourly wage was indeed raised to $14.00 per hour eventually, however, his wage was not raised to $14.00 per hour until approximately September of 2013. See Plaintiff's Complaint, CM/ECF No. 1 at ¶ 9.

11.     Plaintiff was entitled to overtime wages at a rate of $19.50 for every hour that was worked in excess of 40 hours per week, pursuant to Section 207(a)(1) of the fair labor Standards Act and Sections 3-415 and 3-420 of the Maryland Wage and Hour law.

12.     Plaintiff commenced this action by filing a Complaint with the United States District Court for the District of Maryland on February 18, 2014. *See* Civil Docket for the above-captioned case, attached hereto as Exhibit 2.

13.     Plaintiff's Complaint alleges that the Defendants violated Section 207(a)(1) of the Fair Labor Standards Act by failing to pay Plaintiff overtime between November, 2011, and May, 2013.  (CM/ECF No. 1 at p.2.)

14.     Plaintiff's Complaint also alleges that Defendants violated Sections 3-415 and 3-420 of the Maryland Wage and Hour Law. (CM/ECF Document No. 1 at p. 3).

15.     On March 27, 2014, the Plaintiff effectuated service upon Peter Kahl in his individual capacity as a defendant in this matter, and also in his capacity as the Resident Agent for Defendant Peter Kahl Reptiles, Inc. *See* Plaintiff's Proofs of Service with attached Affidavits for personal service upon Peter Kahl and Peter Kahl Reptiles, Inc., attached hereto as Exhibit 3.

16.     Pursuant to Fed R. Civ. Pro 12(a)(1)(A), the Defendants' Answers were due on Thursday April 17, 2014.

17.     Defendants completely failed to Answer Plaintiff's Complaint, or in any way respond to the allegations contained therein.

18. Based on the Defendants' absolute disregard for the federal rules of pleading and procedure, the Plaintiff filed a Motion for Entry of Default on June 16, 2014. Exhibit 2.

19. On June 24, 2012, the Court granted the Plaintiff's Motion for Entry of Default against the Defendants. *Id.*

20. To date, the Defendants have failed to show cause for why the Entry of Default in this matter should be vacated, or even so much as communicate with the Plaintiff's counsel.

21. Pursuant to the provisions of Federal Rule of Civil Procedure 55(b)(2), this Court is empowered to enter default judgment against the Defendants for the relief sought by the Plaintiff in his Complaint, and written notice of this action has been given to the Defendants as set forth in the attached Affidavit.

22. To date, the Plaintiff's Counsel, The Law Office of Barry Glazer, P.C., has invested thirty (30) hours into the present matter. See Exhibit 4, Charles Edwards IV Decl. ¶3.

23. The thirty (30) hours invested by the Plaintiff's Counsel include: two (2) hours of client intake; eight (8) hours of legal research; four (4) hours of research concerning the defendants Peter Kahl, and Peter kahl Reptiles, Inc.; five (5) hours for Complaint drafting; three (3) hours to draft the Motion for Entry of Default in this matter; two (2) hours for correspondence ; and five (5) hours for the drafting of this motion. *Id.* at ¶4.

24. The Law Office of Barry Glazer bills at two hundred and fifty dollars ($250) per hour. *Id.* at ¶5.

25. To date, the Plaintiff has incurred seven thousand and five hundred dollars ($7,500) in attorney's fees, as well as four hundred and fifty dollars ($450) in filing fees, and one-hundred and seventy four dollars ($174) for the cost of effectuating service on the Defendants. The total for the Plaintiff's costs and fees are eight thousand, one hundred and twenty-four dollars ($8,124). *Id.* at ¶3 - ¶8.

WHEREFORE, Plaintiff Terry Green hereby requests that this Honorable Court:

(a) Enter an Order of Default Judgment against Defendants Peter Kahl and Peter Kahl Reptiles, Inc., for failure to plead as provided by Fed. R. Civ. Pro 12 12(a)(1)(A).

(b) Award Plaintiff $31,590 in overtime wages. The requested award amount was calculated by taking the average of 55 and 70, which is 62.5, to represent the average weekly hours that the Plaintiff worked between November, 2011 and May, 2013, and subtracting 40 hours from the average of 62.5 for an overall average of 22.5 overtime hours worked per week. Plaintiff requests that the average overtime hours of 22.5 be multiplied by $19.50, which represents time and a half for the Plaintiff's base pay of $13.00 per hour, for a total of $438.75 in average weekly unpaid overtime wages. Plaintiff requests that the average weekly overtime wage ($438.75) be multiplied by four (4) for a sum of $1,755, to represent the average unpaid wages that the Plaintiff earned per month. Plaintiff requests that the average monthly unpaid overtime sum of $1,755 be multiplied by 18, which is the total number of months that the Plaintiff worked without overtime pay, for a total sum of $31,590.

(c) Award Plaintiff $31,590 in liquidated damages under section 216(b) of the Fair Labor Standards Act for the Defendants' willful violation section 207(a)(1) of the Fair Labor Standards Act.

(d) Award Plaintiff costs and attorney's fees in the amount of $8,124, which were calculated by multiplying Plaintiff's counsel's $250 hourly rate by the thirty (30) hours that Plaintiff's counsel has invested in this matter for a sum of $7,500. To the $7,500, add $450 for the filing fee associated with this matter and $174 for the cost of effectuating service on the Defendants. The total sum for costs and attorney's fees is $8,124.

(d) Make Defendants jointly and severally liable for all wages, damages and fees that the Plaintiff has heretofore requested.

(e) Award such other and further relief as is just under the circumstances.

Respectfully Submitted,

**LAW OFFICE OF BARRY R. GLAZER, P.C.**

By: _____/s/_____
Charles H. Edwards, IV
Trial Bar No.: 29977
P.O. Box 27166
1010 Light Street
Baltimore, Maryland 21230
Phone: (410) 547-8568
Fax:    (410) 547-0036
charles.edwards@robinhoodlawyers.com

*Counsel for Plaintiff*